| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON | |
| GABRIELLE SALUSKIN,<br><br>     Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>     Defendant. | CASE NO. 2:17-cv-00521 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 7). This matter has been fully briefed. *See* Dkt. 13, 20, 21.

As summarized by the ALJ, plaintiff "has had a difficult past, with a chaotic and abusive childhood, and drug and alcohol abuse. However . . . . [she] 'has totally changed her life' to one of being clean and sober, with a clean and sober partner, and a

focus on successful parenting and housing." AR. 17 (citation omitted). Although Dr. Kathleen Anderson M.D., examined plaintiff and concluded that "the prognosis for her being able to sustain competitive employment is poor," the ALJ failed to credit this opinion. AR. 18-19, 230.

After considering and reviewing the record, the Court concludes that the ALJ erred when failing to credit fully the medical evidence offered by Dr. Andersen. Although the ALJ relied on a finding that Dr. Andersen relied heavily on plaintiff's subjective statements, the ALJ cited no evidence from the record in support of this finding.

Because the ALJ's finding that Dr. Andersen relied heavily on plaintiff's subjective allegations is not based on substantial evidence in the record as a whole, and for other reasons discussed herein, this matter is reversed and remanded to the Administration for further proceedings consistent with this Order.

BACKGROUND

Plaintiff, GABRIELLE SALUSKIN, was born in 1983 and was 20 years old on the alleged date of disability onset of September 1, 2004. *See* AR. 154-63. Plaintiff believes that she finished the eighth grade and has not obtained a GED. AR. 38-39. She has no work experience other than in the sex industry. AR. 39-40.

According to the ALJ, plaintiff has at least the severe impairments of "anxiety disorder, personality disorder, and morbid obesity (20 CFR 416.920(c))." AR. 12.

At the time of the hearing, plaintiff was living with her 3-year-old daughter and the child's father in an apartment. AR. 36-37.

# PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration. *See* AR. 69, 97. Plaintiff's requested hearing was held before Administrative Law Judge Cheri L. Filion ("the ALJ") on May 11, 2015. *See* AR. 28-68. On October 6, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 7-24.

In plaintiff's Opening Brief, plaintiff raises the following issue: (1) Did the ALJ properly weigh the medical opinions when assessing plaintiff's mental limitations in order to formulate a thorough residual functional capacity (RFC). *See* Dkt. 13, p. 1.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

**(1) Did the ALJ properly weigh the medical opinions when assessing plaintiff's mental limitations in order to formulate a thorough residual functional capacity ("RFC")?**

Plaintiff notes that despite finding that plaintiff has the severe mental impairments of anxiety disorder and personality disorder, the ALJ failed to assess any mental limitations in plaintiff's RFC. *See* AR. 12, 16. In addition, plaintiff contends, among

other things, that the ALJ erred when failing to credit fully the medical opinion of examining physician, Dr. Kathleen Andersen, M.D. Dkt. 13, pp. 4-8. Defendant contends that the ALJ properly considered and addressed the medical evidence of record. *See* Dkt. 20, pp. 3-8.

When an opinion from an examining doctor is contradicted by other medical opinions, the examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2). The Court will not address plaintiff's contention that the higher standard of clear and convincing rationale must be met here due to the absence of a contradicted medical opinion from an examining physician, as the Court concludes that the ALJ's evaluation of the opinion of Dr. Anderson does not even meet the less stringent standard of specific and legitimate rationale based on substantial evidence in the record as a whole. *See id.*

On June 12, 2014, Dr. Anderson performed a psychiatric evaluation for the Department of Disability Determination Services. *See* AR. 225-31. Dr. Andersen reviewed all the records that were provided to her, including a DSHS psychological evaluation from Dr. Barbara Lui, Ph.D. AR. 225. Dr. Andersen conducted an extensive interview when assessing plaintiff's history. AR. 225-28. Dr. Andersen also conducted a mental status examination ("MSE"). AR. 229. For example, Dr. Andersen noted that plaintiff "did cooperate in answering all questions which were asked of her and appeared

to be answering straightforwardly." *Id*. Dr. Andersen also noted that plaintiff demonstrated an excessive amount of psychomotor activity, noting that plaintiff "would frequently shift around her chair; [] would wind the bottom of her shirt in her hands, further exposing her abdomen; [] would twist a rubber band that was around on her wrist;" and occasionally would drink from a soft drink bottle. *Id*. Dr. Anderson observed that plaintiff's affect was blunted, and that she was unable to repeat a five digit number backward. *Id*.

Dr. Anderson opined that plaintiff "has very limited ability to structure her time in a constructive fashion." *Id.* at 230. Dr. Andersen noted that plaintiff demonstrated "problems with concentration, mental dexterity, memory, [and] fund of knowledge on cognitive testing." *Id*. Dr. Andersen also opined as follows:

> [Plaintiff] would have marked difficulties concentrating on tasks, persisting at tasks, and completing tasks in a timely fashion. She would undoubtedly need extensive supervision and instruction to be able to carry out simple, straightforward tasks. Again, there is no place in her history where she has had to perform tasks consistently over anything like a normal work shift. She left school in the ninth grade. Judgment would be impaired. Stress tolerance would be impaired. Ability to relate appropriately to others in the workplace would be markedly impaired. She would not have a clear idea of appropriate versus inappropriate behavior for the workplace or what appropriate boundaries were. She should generally continue on her methadone maintenance and continuing psychotherapy and medication management for her psychiatric diagnoses. However, the prognosis for her being able to sustain competitive employment is poor.

*Id*.

The ALJ fails to discuss the majority of the opinion from Dr. Anderson. For example, the ALJ does not mention Dr. Andersen's opinion that the prognosis for

plaintiff "being able to sustain competitive employment is poor." *Id*. This opinion is significant probative evidence that the ALJ erred by failing to discuss. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)) (the Commissioner "may not reject 'significant probative evidence' without explanation").

Defendant contends that "the ALJ was not required to address in detail Dr. Anderson's conclusory disability opinion." Dkt. 20, p.4 (citing AR. 230). However, defendant's contention is not persuasive.

According to the Ninth Circuit, "'physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work.'" *Garrison v Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir. 1998)). Although "'the administrative law judge is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability, [] he cannot reject them without presenting clear and convincing reasons for doing so.'" *Reddick, supra*, 157 F.3d at 725 (quoting *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (other citations omitted)). Even if the ultimate issue on disability is contradicted, the ALJ still must present a specific and legitimate reasons based on substantial evidence in the record as a whole for the failure to adopt it. *See id*.

In addition, there were a number of other opinions by Dr. Anderson that were ignored by the ALJ that also are significant, probative evidence. For example, Dr. Andersen opined that plaintiff would need extensive supervision and instruction even to

be able to carry out simple, straightforward tasks, and that plaintiff's "ability to relate appropriately to others in the workplace would be markedly impaired." AR. 230. The ALJ's failure to mention this significant probative evidence is legal error. In addition, these errors of omission are not harmless, as adopting them likely would lead to a different RFC determination, if not outright disability.

It appears that the only opinion from Dr. Anderson that the ALJ addresses in her written decision is Dr. Andersen's opinion that plaintiff has marked difficulty concentrating and persisting on tasks and timely completing tasks. *See* AR. 15-16 (citing AR. 230). The ALJ rejected these opinions with a finding that plaintiff "enjoys going to the library, using a computer to keep up with email and to pay bills and hopes eventually to earn a GED." AR. 16 (citation omitted). What plaintiff hopes to do eventually has no bearing on what she actually is able to do now. Similarly, enjoying going to the library also does not demonstrate that she does not have marked difficulties concentrating, persisting, or completing tasks. One could be completely incapable of concentrating or persisting at any task and still enjoy going to the library. Finally, being able to use a computer for email and to pay bills does not demonstrate that plaintiff does not have marked difficulties concentrating, persisting, or completing tasks. The ALJ cites no evidence in the record regarding how successful plaintiff is at reading her emails and paying bills online, or on how long it takes her to attempt these tasks. It is difficult to assess exactly what part of the record the ALJ is relying on because the ALJ cites a 135 page document for her finding. For example, the ALJ has not specifically delineated any evidence that plaintiff is able to complete any email or any task on the computer at the

library. Therefore, even if plaintiff does use a computer for email and paying bills, such does not demonstrate that she does not have marked difficulties concentrating, persisting, or completing tasks.

For the reasons stated and based on the record as a whole, Court concludes that the ALJ erred when failing to credit fully Dr. Andersen's opinion that plaintiff has marked difficulty concentrating and persisting on tasks and timely completing tasks. The Court also concludes that the error is not harmless as fully crediting this opinion would lead to a different RFC, and likely to a finding of disability.

In her written decision, the ALJ also indicates that she is giving Dr. Anderson's opinion overall little weight. AR. 18-19. The ALJ relies in part on a finding that Dr. Andersen "cites as diagnoses several items that are 'by Ms. Saluskin's report' rather than the professional opinion of a mental health provider who has evaluated the claimant." AR. 18. However, this finding is not based on substantial evidence in the record as a whole and is contradicted by the treatment record of Dr. Andersen. Dr. Andersen includes a number of diagnoses, including post traumatic stress disorder, depressive disorder and anti-personality disorder, none of which indicates that it is "by Ms. Saluskin's report." AR. 229-30. This finding does not support the ALJ's rejection of the opinion from Dr. Anderson. Although Dr. Anderson may have noted in the history section of her evaluation diagnoses plaintiff claimed to have received previously, there is no indication of any reliance on such information when formulating her own opinions.

The ALJ also relies on a finding that "Dr. Andersen notes that the claimant's mental symptoms 'were inadequately treated.'" AR. 18-19 (citing AR. 225). However,

the ALJ fails to explain how the fact that a previous provider, whose report was summarized by Dr. Anderson, opined that plaintiff's mental illness symptoms were inadequately treated in any way entails a legitimate rationale for failing to credit fully Dr. Andersen's opinions regarding plaintiff's limitations. The fact that a previous mental health provider opined that plaintiff's symptoms were inadequately treated provides no support for the ALJ's failure to credit fully Dr. Andersen's opinion regarding plaintiff's contemporaneous limitations on work-related abilities, and does not demonstrate, for example, that plaintiff does not have marked limitations timely completing tasks. The fact that plaintiff has gaps in her treatment record does not demonstrate that she does not suffer from limitations based on mental health impairments.

Finally, the ALJ relies on a finding that "Dr. Andersen based much of her opinion on the claimant's subjective allegations . . . ." AR. 19. However, the ALJ offers no support for this finding. Although the ALJ references a story that plaintiff told, which the ALJ found incredible, the fact that plaintiff told a story about remembering her mother's death which occurred when she was two years old does not substantiate the finding by the ALJ that Dr. Anderson based her opinions regarding plaintiff's limitations heavily on plaintiff's own subjective allegations.

The Court has reviewed Dr. Anderson's treatment record and opinion in its entirety. *See* AR. 225-31. The ALJ has not cited, and defendant has not directed the Court to, any evidence demonstrating that Dr. Andersen relied more heavily on plaintiff's subjective allegations than she did on her own observations and mental status examination.

According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citing *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989))). This situation is distinguishable from one in which the doctor provides her own observations in support of her assessments and opinions. *See Ryan v.Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). According to the Ninth Circuit, "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008)).

Based on the record as a whole, Court concludes that the ALJ's finding that Dr. Andersen's opinion is more heavily based on plaintiff's self-reports than on her own clinical observations is a finding that is not based on substantial evidence in the record as a whole.

Therefore, for the stated reasons, the Court concludes the ALJ has failed to offer specific and legitimate reasons based on substantial evidence in the record as a whole for her failure to credit fully the medical opinions of Dr. Andersen. The Court also concludes that the error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

(citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit has reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, it is most obvious that if one credits fully the opinion from Dr. Anderson that the prognosis for plaintiff being able to sustain competitive employment is poor, plaintiff's RFC would be different and she likely would be found disabled. However, there are multiple opinions from Dr. Anderson that very likely would lead to a different RFC result and also would lead likely to a finding of disability if they were credited in full, such as her opinion that plaintiff "would have marked difficulties concentrating on tasks persisting at tasks, and completing tasks in a timely fashion;" that she "would undoubtedly need extensive supervision and instruction to be able to carry out simple, straightforward tasks;" or that her ability "to relate appropriately to others in the workplace would be markedly impaired." *See* AR. 230.

For these reasons and based on the record as a whole, Court cannot conclude with confidence "that no reasonable ALJ, when fully crediting [Dr. Andersen's opinion], could have reached a different disability determination.'" *Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56). Therefore, the error is not harmless and this matter is reversed and remanded. All of the medical evidence should be evaluated anew following remand.

### (2) Should this matter be reversed remanded with a direction to award benefits?

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

At the first step, the court should determine if "the ALJ has failed to provide legally sufficient reasons for rejecting [the particular] evidence." *Smolen, supra*, 80 F.3d at 1292 (citations omitted). This, the Court already has done, *see supra*, section I. Next, as stated by the Ninth Circuit:

> Second, we turn to the question whether further administrative proceedings would be useful. In evaluating this issue, we consider whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules.

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted).

The record as a whole is not free from conflicts, ambiguities, or gaps. For example, there are number of inconsistencies within plaintiff's testimony and plaintiff does not challenge the ALJ's assessment regarding the failure to credit fully plaintiff's allegations and testimony. In addition, it is not entirely clear from the medical record that plaintiff is in fact disabled. Therefore, this matter is reversed and remanded for further administrative proceedings consistent with this Order, not with a direction to award benefits. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

## CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 12th day of January, 2018.

_____
J. Richard Creatura
United States Magistrate Judge